**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ALTON RAY SANDERS,** ) | **CASE NO. 1:13 cv 424** |
| ) | **1:11 cr 121** |
| Petitioner. ) | |
| ) | |
| vs. ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** |

Before the Court is Petitioner Alton Ray Sanders's motion under 28 U.S.C. § 2255 to vacate his sentence. (Doc. # 80).[1] Petitioner challenges his 151-month sentence, which this Court imposed after he entered into a plea agreement with the government pursuant to Fed. R. Crim. P. 11(c)(1)(B).

Petitioner agreed to plead guilty to Count One of the indictment, conspiracy to possess and distribute phencyclidine ("PCP"), and the government agreed to recommend dismissal of Counts Two and Three. Under the terms of the plea agreement, Petitioner waived his right "to challenge the conviction or sentence collaterally through a post-conviction proceeding under 28 U.S.C. § 2255." (Doc. # 69 at 9). Petitioner did not, however, waive his right to attack his conviction or sentence by asserting "claims of ineffective assistance of counsel or prosecutorial misconduct." (Id. at 10).

The Court has reviewed the motion along with the record of the criminal proceeding and concludes that it plainly appears Petitioner is not entitled to relief. Accordingly, for the reasons explained, the motion is **DISMISSED**.

I.

---

[1] All documents cited in this order are from the criminal case, 1:11-cr-121.

Petitioner's first argument is that his guilty plea was not knowing and voluntary because, at the time of the plea hearing, "he was mentally incompetent as a result of phencyclidine (PCP)" he had consumed. (Doc. # 80 at 14). To the contrary. On December 15, 2011, the parties presented to the Court a Plea Agreement signed by Petitioner and his attorney and initialed by Petitioner on the right bottom corner of every page. During this change-of-plea hearing, the Court engaged Petitioner in a detailed colloquy, pursuant to Fed. R. Crim. P. 11(b), ensuring that Petitioner understood the terms of the Plea Agreement (Petitioner told the Court he had a chance to discuss it fully with his attorney), the constitutional rights he was waiving, and the possible sentencing consequences of his plea. To ensure the plea was voluntary, the Court asked Petitioner whether he has been treated for any psychiatric condition in the last twelve months. (*See December 15, 2011, Hearing, Tr.*, at 2). He said no. (*Id.*). The Court asked if he was under the influence of any drugs or alcohol or medication that might affect his ability to understand what was going on. (*Id.*). He said no, and he displayed no outward manifestation that would have given the Court any reason to doubt him—he appeared normal and comprehending. (*Id.* at 3). The Court even asked the attorneys if they had reason to question Petitioner's competency. (*Id.*). They both said no. (*Id.*). Petitioner then acknowledged his guilt, and the Court accepted his plea as knowing and voluntary. Petitioner may not now impeach his own declaration in open court and under oath that he was free from the influence of drugs.

The remaining arguments—that Petitioner did not knowingly and voluntarily join the conspiracy (an element of the crime), that his Fifth Amendment right against self incrimination was violated when his confession was admitted against him, that the criminal statute to which he pled guilty (18 U.S.C. § 846) is ambiguous, and that under a Supreme Court case, *Bousely v. United States*, 118 S. Ct. 1604 (1998), 18 U.S.C. § 846 does not extend to Petitioner's conduct—have been waived by the express terms of the plea agreement.

II.

Accordingly, since it is apparent from an examination of the motion and criminal record

that Petitioner's claim of involuntariness is meritless and the remaining claims are waived, his § 2255 motion is summarily dismissed.

**IT IS SO ORDERED.**

    <u>/s/Dan Aaron Polster    March 4, 2013</u>
**Dan Aaron Polster**
**United States District Judge**