**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Case No.  1:11-cr-00121** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **ALTON SANDERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Defendant Alton Sanders's Motion for Compassionate Release,

**Doc #: 119.**  For the following reasons, Sanders's Motion is **DENIED.**

## I.    Background

Sanders pleaded guilty to one count of conspiracy to possess phencyclidine (PCP) with

intent to distribute in violation of 21 U.S.C. §§ 841, 846, and 851.  Doc #: 76.  He was then

sentenced to 151 months in custody of the Bureau of Prisons to be followed by 10 years of

supervised release.  *Id.*  Sanders is currently held at FCI Schuylkill and has an expected release

date of March 29, 2022.

Sanders filed a motion for appointment of counsel to assist in filing a motion for

compassionate release on June 18, 2020.  Doc #: 112.  On June 23, 2020, the court appointed a

public defender to assist Sanders with this Motion.  Doc #: 114.  Sanders filed this Motion on

July 24, 2020.  Doc #: 119.  The Government filed its response on July 31, 2020.  Doc #: 122.

## II.     Discussion[1]

Under § 3582(c)(1)(A)(I), before granting a sentence modification, a court must find:
(1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community, and (3) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a).  *United States v. Hardin*, Case No. 1:19 CR 240, 2020 WL 2610736, at *2–3 (N.D. Ohio Apr. 7, 2020).

### A.     Extraordinary and Compelling Reasons

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1.  Here, the only relevant category is the fourth category, labeled "other reasons."  *Hardin*, 2020 WL 2610736, at *3.  To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak.  *Id.*

The only documented medical condition that Sanders cites in support of his motion is hypertension.  *See* Doc #: 119 at 3, Doc #: 119-1.  Whereas the Centers for Disease Control and Prevention ("CDC") have determined that certain medical conditions unquestionably present an increased risk from COVID-19, hypertension falls into a second category of conditions that only "might" present an increased risk.[2]  As this Court has previously concluded, hypertension *alone*

---

[1] A defendant must satisfy § 3582(c)(1)(A)(i)'s exhaustion requirement before filing a motion for compassionate release.  The Government concedes that Sanders has satisfied the exhaustion requirement.  *See* Doc #: 122 at 6.

[2] *See* People of Any Age with Underlying Medical Conditions, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html August 3, 2020).

2

does not demonstrate an extraordinary and compelling reason for release.  *See United States v. Elias*, Case No. 16-CR-112, 2020 WL 3064232, at *1–2 (N.D. Ohio June 9, 2020).

Furthermore, FCI Schuylkill is not experiencing a severe COVID-19 outbreak.  To date, only a single prisoner has tested positive for COVID-19, and no staff have tested positive.[3]

### B.  Danger to Safety to Other Persons or Community

For a court to grant compassionate release, it must also find that the "defendant [is not] a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." *Hardin*, 2020 WL 2610736, at *2 (quoting United States Sentencing Commission, Guidelines Manual, § 1B1.13(2) (Nov. 2018)).  Section 3142(g) calls on courts to consider: (1) the nature of the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;[4] and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g)(1)-(4).

Upon weighing these factors, the Court determines that Sanders is a danger to the safety of other persons and the community.  Sanders pled guilty to a conspiracy to traffic PCP, and he had previously been convicted of other drug trafficking offenses.  *See* Doc #: 122 at 15.  Sanders has also qualified as a Career Offender under the sentencing guidelines.  *Id.*  Given the severity of Sanders's criminal history and his repeated inability to refrain from behavior that directly

---

[3] COVID-19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited August 4, 2020).

[4] The history and characteristics of the defendant include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings[,] and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law" 18 U.S.C. § 3142(g)(3)(A)-(B).

threatens the health of the community, the Court is not persuaded that Sanders no longer presents a danger to the safety of others.

**C.  Section 3553(a) Factors**

Finally, the § 3553(a) factors do not favor release.  A court already considers these factors when sentencing a defendant.  Upon a motion for compassionate release, a court determines whether the changed circumstances cause the § 3553(a) factors to be weighed differently. Generally, the § 3553(a) factors favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining. *Hardin*, 2020 WL 2610736, at *4.  Sanders still has approximately 20 months to serve on his 151-month sentence.[5]

**III.    Conclusion**

For the above reasons, Sanders's motion, **Doc #: 119,** is **DENIED.**

**IT IS SO ORDERED.**

  _  /s/Dan A. Polster     August 5, 2020_
**Dan Aaron Polster**
**United States District Judge**

---

[5] Sanders states that he "could have been released" by November 2020 had the pandemic not suspended his Residential Drug Abuse Program.  Doc #: 119 at 6.  This release date is merely speculation.